UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QUINCY MUTUAL FIRE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 04-11819 MLW |

### ANSWER OF DEFENDANT UNITED STATES OF AMERICA

Defendant United States of America, by and through its undersigned attorneys, answers the Complaint of plaintiff Quincy Mutual Fire Insurance Company, as follows:

### First Defense

Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

### Second Defense

Pursuant to 28 U.S.C. § 2675(b), plaintiff is prohibited from claiming or recovering an amount against defendant in excess of that set forth in plaintiff's administrative claim presented to the United States Postal Service.

### Third Defense

Pursuant to 28 U.S.C. § 2402, plaintiff is not entitled to a jury trial against defendant.

### Fourth Defense

Plaintiff's damages and losses, if any, were solely and proximately caused by plaintiff's insured's negligence, carelessness or recklessness.

Fifth Defense

Plaintiff's insured's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of defendant, and plaintiff's recovery, if any, must be diminished in proportion to plaintiff's insured's fault and negligence in causing the accident. Further, plaintiff is prohibited from recovering any amount against defendant if the negligence of plaintiff's insured is determined to be greater than the fault of defendant.

Sixth Defense

Plaintiff has not alleged a sufficient factual and/or legal basis for its claim for costs and attorneys' fees.

Seventh Defense

Pursuant to 28 U.S.C. § 2674, plaintiff is proscribed from recovering any amount for pre-judgment interest against defendant.

Eighth Defense

Answering specifically in response to the numbered paragraphs of the complaint, using the same paragraph numbering, defendant states as follows:

1. Defendant admits that the United States of America is a defendant in this action, and that Quincy Mutual Fire Insurance Company is a plaintiff. Except as expressly admitted herein, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2. Defendant admits that, on or about January 2, 2004, at or near North Main Street and Warren Road, Randolph, MA, a vehicle driven by an employee of the United States Postal

Service collided with a vehicle driven by Michelle Igoe. Except as expressly admitted herein, defendant denies the remaining allegations in Paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and therefore denies the same.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4, and therefore denies the same.

WHEREFORE, having fully responded to the Complaint, defendant prays that:

1. the plaintiff takes nothing by way of its Complaint in this action;

2. the action be dismissed with prejudice; and

3. the Court grant such other and further relief as it may deem appropriate.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: November 8, 2004

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing Answer of Defendant United States of America, by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Thomas C. O'Keefe
O'Keefe & Gale
180 West Central Street
Natick, MA 01760

This 8th day of November 2004.

/s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant United States Attorney